## SMITH v. McFADDEN.

1. **Estate**: ALLOWANCE OF CLAIM: ADJUDICATION. The fact that a claim filed against an estate is allowed by the administrator in a sum smaller than that claimed, and such allowance is entered by the clerk and approved by the court, will not constitute an adjudication which will prevent the claimant from demanding a trial as to the portion of the claim not allowed.

2. ——: ——: WHEN BARRED. A claim of the third class against an estate is not barred because not proved up until after the expiration of twelve months from notice of the appointment of an administrator.

3. ——: ——: ——. A delay to bring a claim on for hearing will not operate as an estoppel to prevent its being proved unless the estate has been prejudiced by the delay.

4. **Practice in the Supreme Court**: FILING OF ARGUMENT. Facts considered under which it was held that an argument would not be stricken from the files, but not being filed within the time prescribed the cost of printing should be taxed to the party making it.

*Appeal from Cass Circuit Court.*

MONDAY, JUNE 20.

O. C. Keith, H. Ransford and W. L. Brown executed their joint and several notes to the plaintiff; Brown died, and on March 18, 1876, Keith was appointed administrator of the es-

tate. On the 29th day of July thereafter the plaintiff filed his claims duly verified against the estate, in which he claimed the amount due on said notes.   On August first, 1876, there was indorsed thereon the following: I, O. C. Keith, administrator of said named estate, being fully satisfied with the correctness of the within named claim to the amount of $500 do with the approbation of the court admit and allow the same in the sum of $500.            ·         · O. C. Keith, *Administrator.*

On December 29th, 1876, the clerk approved said allow-· ance and duly entered the same of record.   Afterward the action of the administrator was approved by the court.

In April, 1878, the plaintiff filed a petition in said court stating such of the matters aforesaid as he deemed material and asking that the claim filed as aforesaid be examined and the amount due thereon allowed as a fourth class claim.

In an amendment to the petition, he asked that the claim be established as of the third class.   It is uncertain whether Keith was served with notice of the filing of said petition.

In May, 1878, he made a report to the court and was discharged as administrator and S. T. McFadden was appointed such in the place and stead of said Keith.   The said McFadden was substituted as defendant.   An appearance was entered for him and an answer filed.   There was a trial to the court, the amount due plaintiff ascertained and the same allowed as a third-class claim against the estate.   The defendant appeals.

*John W. Scott,* for appellant.

*John Ledwich* and *A. S. Churchill,* for appellee.

Seevers, J.—The amount claimed to be due the plaintiff on the notes was much greater than the amount allowed by

1. ESTATE : al- the administrator, and counsel for the defendant
lowance of
claim: adjudi- insists the allowance made, and the approval of the
cation.        same by the clerk and court, amounts to an adjud-ication of the whole claim, and that as such adjudication has not been set aside or appealed from the subject matter can-

not be again adjudicated.  Whether this is so depends upon the statute.  It is provided:  "Claims against the estate shall be clearly stated, sworn to and filed, and ten days notice of the hearing thereof, accompanied by a copy of the claim, shall be served on one of the executors unless the same have been approved by the administrator, in which case they may be allowed by the clerk without notice.  All claims filed and not expressly admitted in writing, signed by the executor with the approbation of the court, shall be considered denied without any pleading on behalf of the estate."  Code, § § 2408–2410.

All that is required in the first instance on the part of the claimant is to make out the claim, verify, and file it.

He is not bound to notify the administrator he has done so.  The latter must take notice of all claims filed, and approve or allow the same if he sees proper, as provided in the statute.  The administrator is not required to indorse on a claim that he will not allow it, or that he rejects it.  If he fails to approve the claim it is regarded as.denied by operation of law, and thus an issue is formed.  But before the court obtains jurisdiction or the power to decide as to the correctness of the claim, the claimant must serve a notice on the administrator when the issue thus formed will be heard, or when he will prove up the claim.

By filing the claim it may be said action on the part of the administrator is invoked, but clearly the court is not called upon to do anything.  Whatever is done by the administrator, that is if he allows any part of the claim, this may be satisfactory to the claimant and it is not the policy of the law that litigation shall be commenced until opportunity has been afforded the representative of the estate to examine the claim and allow it if he sees proper to do so, and thus save cost and .expense.

The action of the administrator in allowing part of a claim cannot be regarded as an adjudication of the whole; for the statute provides unless the claim has been approved the claim-

Smith v. McFadden.

ant may bring the case to a hearing. This clearly contem-
plates that unless the whole claim has been allowed there may
be a hearing before the court.

Before the court can obtain the power to determine whether
the claim should be allowed its jurisdiction must be invoked
in some manner. Ordinarily this would be done by the
claimant serving the notice signed by the statute. But it
may be the administrator could do so. If neither does so
then there cannot be an adjudication which will be binding
on either party.

In the case at bar it may be the allowance of $500 should
be regarded as an adjudication of the claim filed to that ex-
tent. At least the plaintiff does not claim that it is not. As
to the residue of the claim there was no adjudication and the
plaintiff had the right to bring the same to a hearing as he
did.

The general rule insisted on by counsel is undoubtedly
well established and supported by the authorities cited. It,
however, has no application because the statute must control.

II. The statute provides that demands against the estate
are payable in the following order.

1.  *     *     *     *     *.
2.  *     *     *     *     *.
3.  Claims filed within six months after the first publica-
tion of the notice given by the executors of their appoint-
ment.
4.  All other debts.
5.  *     *     *     *     *.

All claims of the fourth of the above classes not filed and
approved within twelve months of the giving of the notice
aforesaid are forever barred    *    *    *    *.   Code, § §
2420, 2421.

Counsel for the appellant insist the claim is barred under the
foregoing statute. This point is not, we think, well taken be-
2. ——: ——; cause the claim was filed within six months after
when barred. the first publication of the notice given by the
administrator of his appointment.

It therefore is a claim of the third class, and the statutory limitation only applies to claims of the fourth class. There being no statutory bar the claim could be proved up after the expiration of the twelve months aforesaid. *Goodrich v. Conrad*, 24 Iowa, 254.

III. If we understand counsel for the appellants he insists that by reason of the delay in bringing on the hearing the plaintiff has lost his right to do so, and because of his negligence he should be estopped from now proving up his claim. It does not appear the estate has been in any respect damaged or injured, by the delay, except that during the delay the co-obligors with Brown have become bankrupt.

Ordinarily mere delay in bringing suit does not operate as a bar or estoppel, unless thereby the case is within the statute of limitations. It may be that under peculiar cicumstances equity has refused relief when the delay has been great, but clearly, we think, there has been no such delay in this case. The notes being joint and several the plaintiff had the right to bring an action against all or any one of the obligors or the legal representative of any one who may have died. Code, § 2550; *Sellon & Co. v. Braden*, 13 Iowa, 365. This being so the bankruptcy of one obligor could in no manner affect the right to recover against another.

The plaintiff filed the notes in the bankrupt court against the estates of the bankrupts. This he had the right to do, and his right to proceed in this case under the statutes just cited must be clear and cannot, we think, be doubted.

III. It is insisted the indebtedness to the "plaintiff was a partnership debt, created for the use and benefit of the copartnership, and the payment thereof in any case from the separate estate of the deceased partner should be deferred to the payment of all his private creditors."

The consideration of the notes was certain real estate sold and conveyed to the obligors by the plaintiff. The notes on their face do not indicate this was a partnership transaction.

We have examined the evidence with care, and are united in the opinion the notes were not given for a partnership indebtedness. No beneficial result would be reached by setting out the evidence or stating our reasons at length.

IV. O. C. Keith was introduced as a witness by the plaintiff, who asked him the following questions. "You may relate as nearly as you can how you arrived at the amount of the allowance of this claim of Mr. Smith's and state what part Mr. Ransford took in making this allowance." The plaintiff's objection to this question on the grounds the evidence sought to be elicited was immaterial and incompetent was, we think, rightly sustained. It was competent for Keith to state any facts tending to show what amount, if anything, was due the plaintiff. But clearly it was not competent for him to state the reasons or why he concluded only the amount allowed by him was due.

The part taken by Ransford in relation to the amount allowed could not be binding on the plaintiff unless Ransford was his agent, charged with some duty connected with the allowance of the claim. At most Ransford was the agent of the plaintiff only for the purpose of presenting or seeing the claim was filed. He was not vested with any further authority in reference to said claim. This being so, what he did or said could not prejudically affect the plaintiff.

V. Counsel for appellant moves to strike from the files "appellee's additional argument" on the grounds: First. It 4. PRACTICE in was filed too late: Second. It is largely if not the supreme court. wholly unsupported by the record; and Third. A part is scandalous.

Conceding the second ground to be true we would not strike the argument from the files. Counsel for the appellee, it must be presumed, claimed the argument was supported by the record, and the motion assumes it is partly so supported. We incline to think counsel for the appellee in the heat of argument has used expressions and made an intimation which is not supported by the record in relation to counsel for

appellant. This is to be regretted and condemned. But we do not think under the circumstances that any beneficial result would be accomplished by striking said argument from the files. As we understand, an order was made at the Council Bluffs term that the additional argument should be filed in ten days. It was not filed until a few days after such time had expired. We do not feel willing, however, to strike the argument from the files, because we earnestly desire to have before the case is determined all that counsel may see proper to say. But while this is so counsel must understand that the orders and rules of the court must be obeyed. As no excuse is offered why said argument was not filed in time the cost of printing the same must be paid by appellee.

AFFIRMED.