| | |
|---|---|
| 75 | 33 |
| 80 | 396 |
| 75 | 33 |
| 83 | 596 |
| 75 | 33 |
| 93 | 31 |

SCHRIVER v. HOLDERBAUM.

HOCHSTETTER v. THE SAME.

Estates of Decedents: CLAIMS AGAINST: STATUTE OF LIMITATIONS. Claims against an estate, based on promissory notes, were made up and approved by the executor and filed with the clerk within six months after notice of the appointment of the executor, but no formal approval of the claims was made of record by the clerk, and no order of approval was made by the court. The executor made partial payments, and he and the claimants seem to have thought that nothing further was necessary to be done to authorize payment in full. Seven years later the claimants appeared and were allowed to prove up the claims. *Held* that they were authorized so to do— the claims being of the third class, as defined by sections 2420 and 2421 of the Code, and therefore not barred by a failure to prove them up within twelve months from notice of the executor's appointment, and no prejudice to the estate having been shown on account of the delay in proving them up. (Compare *Smith v. McFadden,* 56 Iowa, 482).

*Appeal from Madison District Court.*—HON. O. B. AYRES, Judge.

FILED, SEPTEMBER 6, 1888.

THESE proceedings involve the validity of certain claims against the estate of Michael Holderbaum, deceased. The district court held said claims to be valid, and approved the same, and the executor of Holderbaum appeals.

*Parsons & Perry* and *T. C. Gilpin*, for appellant.

*V. Wainwright* and *J. Leonard & Son*, for appellees.

ROTHROCK, J.—I. It appears from the record in the case that Michael Holderbaum died on the twenty-fourth day of June, 1879, having made his last will and testament, in which the defendant, A. C. Holderbaum, was named as executor. The will was admitted to probate, and the executor qualified on the tenth day of November, 1879. The claims in controversy consisted of promissory notes executed by the deceased. Claims against the estate were made up which contained copies of the notes, and these claims were verified and approved as correct by the executor, in writing thereon, on the thirtieth day of December, 1879. They were filed by the clerk of the court on the first day of January, 1880. No formal approval of the claims was made of record by the clerk, and no order of approval was made by the court. The executor proceeded with the settlement of the estate. The owners of the claims were non-residents of the state, and it appears that the executor made payments on the claims ; and by his correspondence with the claimants they and the executor appear to have thought that no further action was necessary to be taken to authorize the executor to pay them in full. He made several progressive reports, and on February 14, 1887, he filed what was denominated a "final report," in which he ignored the claim in controversy, and asked that the estate be declared settled, and that he be discharged.

The claimants filed objections to the report, in which they set forth the facts attending their filing and approval by the executor. The executor filed a motion to strike the exceptions from the files, which motion was overruled. The exceptions were then demurred to, and the

demurrer was overruled. Thereupon the claimants filed motions for the allowance of their claims. These motions were heard upon evidence, and the court allowed the claims as of the third class, as they are denominated in sections 2420 and 2421 of the Code. The claims were filed within six months after the first publication of the notice given by the executor of his appointment. The court did not regard the approval of the executor as sufficient to bring them within the fourth class, and they were therefore not barred because not approved within twelve months of the giving of the notice.

The case is very much like *Smith v. McFadden*, 56 Iowa, 482, where it was held that a claim of the third class is not barred because not proved up until after the expiration of twelve months from notice of appointment of an administrator, and that a delay to bring a claim on for hearing will not operate as a bar or estoppel to prevent it being proved, unless the estate has been prejudiced by the delay. The court in the case at bar had complete jurisdiction of the parties. The claims were filed in proper time, and indorsed "Approved" by the executor. Both the parties were before the court from the time the claims were filed until the formal approval from which this appeal was taken. Not only this, but payments were made upon the claims as though they had been allowed. The original promissory notes, the foundation of the claims, were introduced in evidence upon the hearing; and there is no showing that the estate has been prejudiced by the delay. And we doubt very much whether, under the facts of this case, the parties being in court, any delay would operate as a bar or estoppel.

AFFIRMED.