Van Aken v. Welch.

AFFIRMED.

VAN AKEN *et al.* v. WELCH.

**Estates of Decedents:** OPENING ADMINISTRATOR'S ACCOUNTS: PLEADING. Where an administrator filed a report in which he allowed to attorneys certain fees for services to the estate, when no such services had been rendered, and had the report approved without notice to the heirs, it was their right, by applying therefor within three months (Code, sec. 2475), to have the account opened and the item for fees disallowed. And where a petition for that purpose was filed within the prescribed time, containing averments which, if true, entitled them to the relief asked, and the administrator made no answer, *held* that it should have been taken as confessed, and the relief prayed for should have been granted without evidence. (See Code, sec. 2520.)

Van Aken v. Welch.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FILED, MAY 16, 1890.

THIS is a proceeding to set aside the approval of an administrator's report, and to open an account therein set out, and for other relief. The district court dismissed the petition, and rendered judgment in favor of defendant for costs. The plaintiffs appeal.

*Ranck & Wade*, for appellants.

*A. E. Swisher* and *Joe A. Edwards*, for appellee.

ROBINSON, J.—The petition shows that plaintiff's are the heirs at law of Eliza D. Hill, deceased; that defendant was appointed administrator of her estate on the twenty-seventh day of May, 1886, and that he duly qualified as and entered upon the discharge of the duties of such administrator; that he filed no report of his doings as administrator until about the sixteenth day of July, 1888, and that on the eighteenth day of that month the report was approved; that no notice of the pendency of said report, or the approval thereof, was served upon plaintiffs, and no notice whatever was given of an application which said report contained for the allowance of eight hundred dollars for fees paid certain attorneys for services alleged to have been rendered the estate of decedent. The petition alleges that the attorneys named therein performed no services for said estate for which they were entitled to compensation; that whatever services were rendered for which the charge was made was rendered to the estate of Thomas Hill, deceased, and to the heirs of Eliza D. Hill personally, and not to defendant, and that defendant never employed said attorneys; that the services were not worth the sum charged, and that it is exorbitant, and should be disallowed. The prayer of the

petition is that the approval of the report be set aside, that the account be opened, that the petition be considered exceptions to the report, and that the exceptions be sustained, the attorney's fee disallowed, and the executor required to account for the same; and that such other and further relief be given as the facts stated may warrant. A notice of the petition was duly served on defendant, and he appeared by his attorneys. No pleading was filed by defendant, and no evidence was offered. By consent the cause was submitted to the court on the petition, and a judgment was afterwards rendered as stated.

I. It cannot be doubted that, if the averments of the petition are true, the plaintiffs are entitled substantially to the relief demanded. The material question presented for our determination is whether they were entitled to that relief without evidence. Section 2475 of the Code provides that "accounts settled in the absence of any person adversely interested, and without notice to him, may be opened within three months, on his application." The petition in this case was filed within three months from the time the report was approved, and the case falls within the provision quoted. The right given to a party adversely interested to have an account opened is not an absolute one, and, in a proper case, should be denied. But, as a rule, every person interested in the estate of a decedent should have an opportunity to present any objections he may have to the report of the administrator before his final discharge. In cases of this kind, he is given three months in which to make an application for a hearing after the report has been approved.

Appellee contends, however, that the action of the court in approving the report must be presumed to be correct, and to have been based upon sufficient evidence, until the contrary is shown; and that the burden was upon plaintiffs to overcome that presumption before the approval of the report should have been set aside, and the account opened. That may be conceded, and

we are thus led to inquire if the presumption was in fact overcome. Remedies in civil cases are divided into "actions" and "special proceedings." Code, sec. 2504. Section 2520 of the Code is as follows: "The provisions of this code concerning the prosecution of a civil action apply to both kinds of proceedings, whether ordinary or equitable, unless the contrary appears, and shall be followed in special proceedings not otherwise regulated, so far as applicable." In this case the application was properly made by petition, and, as there is no provision dispensing with an answer, the defendant was in default by reason of his failure to plead, and the averments of the petition stood confessed, by operation of law. Hence proof to sustain them was not required, and plaintiff should have been given relief substantially as demanded.

II. Appellee makes some objection to the assignments of error, but we deem them sufficient. He also insists that the petition shows that he discharged his duties with diligence and fidelity. However that may be, the facts admitted show that the account in question should not have been allowed. The judgment of the district court is                                    REVERSED.