N. GODES, Appellant, v. ALMIRA JANE HASSEN Administratrix, Appellee.

1. **Probate Proceedings : CLAIMS : DISCHARGE OF ADMINISTRATOR.** The discharge of an administrator after the statutory period for the filing of claims, while a claim of the third class, duly verified and filed, remains unsettled, nor in any. manner acted upon by the administrator, nor by the court, though not admitted nor proved, without notice to the claimant of the application for discharge, is invalid, and may be set aside on petition by such claimant therefor.

2. ——— : ——— : ———. In such case it is not necessary for the claimant to show that the estate was solvent, nor that the administrator had assets with which to pay his claim. Prejudice will be presumed.

*Appeal from Jackson District Court.*—HON. C. M. WATERMAN, Judge.

FRIDAY, OCTOBER 17, 1890.

APPLICATION to have set aside an order discharging the administratrix of an estate, and for leave to prove a claim against the estate. · A demurrer to the petition was sustained, and judgment rendered in favor of the defendant for costs. The plaintiff appeals.

*D. A. Wynkoop*, for appellant.

*Keck & House*, for appellee.

ROBINSON—The material facts shown by the petition are substantially as follows : On the first day of February, 1886, one L. D. Smith made and delivered to plaintiff his promissory note for three hundred and.forty-three dollars and nineteen cents, due in one year, with interest thereon at eight per cent. per annum from date. On the first day of February, 1887, Smith having died, Almira Jane Hassen was duly appointed administratrix of his estate. On the fifth day of April, 1887, the note being wholly unpaid, plaintiff duly filed a verified copy

of his claim with the clerk of the proper court. He was directed to so file it by the attorney for defendant, but never gave formal notice thereof to defendant, and took no further steps to collect it until after July, 1888. The defendant entered upon the discharge of her duties as administratrix, but procured an order in July, 1888, discharging her as upon the final settlement of the estate, but without paying or allowing the claim of plaintiff, although she had personal knowledge of it. She gave plaintiff no notice of her application for a discharge, and he had no knowledge of it until the order of discharge had been made. She withheld from the court all knowledge of the claim, and no order in regard to it was ever made.

I. Section 2408 of the Code provides for the filing of claims against an estate, and for notice to the executor of the hearing thereof, unless it has been approved by him. Section 2410 provides that all claims filed, and not expressly admitted in writing, signed by the executor, with the approbation of the court, shall be considered as denied without any pleading on behalf of the estate. It is admitted that the claim in this case was properly entitled and filed, and it was filed in time to constitute a claim of the third class. It was, therefore, a just claim, but not having been admitted, as provided by statute, was in law denied, but was a pending claim against the estate awaiting proper action when the order of discharge was made. There was nothing whatever to indicate that it had been abandoned by plaintiff, and neither the defendant nor the court was justified in so concluding. The statute provides for notice of the hearing of a claim, but does not fix the time within which it shall be given, even inferentially, as to claims of the third class. Section 2421 does not apply to claims of that class. *Smith v. McFadden*, 56 Iowa, 482. So long as a claim of the third class, duly verified and filed, is not acted upon by the executor, nor by the court, and is not abandoned, it cannot be considered settled, and administration cannot properly be closed.

1. PROBATE proceedings: claims: discharge of administrator.

The facts admitted by the demurrer show that, when the order of discharge was made, plaintiff was the holder of a valid claim against the estate which was unsettled and pending, and that he was interested in the estate, in its administration, and in the discharge of the administrator. Rule 7 adopted by the convention of district judges to govern the practice in probate is as follows: "Unless notice be waived in writing, no administrator, executor, guardian or trustee will be discharged from further duty or responsibilty, nor upon final settlement, until notice of the application shall have been given to all persons interested, as required in case of an original notice for the commencement of a civil action, unless a different notice be prescribed by the court." It is clear that plaintiff was interested within the meaning of that rule, and that he was entitled to the notice therein required. There is nothing in the record from which a waiver of notice may be inferred, and it does not appear that a different notice was prescribed by the court. The record shows that no notice whatever was given, and, notice not having been waived, the court did not have authority to discharge the defendant, and the action taken to that end should be set aside. *Van Aken v. Coldren*, 80 Iowa, 114.

II. It is said that it does not appear that appellant was prejudiced by the order of discharge, for that it is

2. The same.  not shown that the estate was solvent, nor that the defendant at any time had any assets from which the claim of appellant could have been paid. Prejudice will be presumed from the facts stated. It was not necessary for plaintiff to show affirmatively that the estate was solvent or had means with which to pay his claim. He was entitled to a hearing of his claim, and, in the absence of a showing to the contrary, that right will be presumed to be a valuable one.

What we have said disposes of all material questions in the case. For the reasons indicated, the judgment of the district court is REVERSED.