HENRY WILSON, Appellee, v. E. E. McELROY, Administrator, Appellant.

Limitation of Actions: COMMENCEMENT OF SUIT: FILING OF CLAIM AGAINST ESTATE OF DECEDENT: ACTS OF ADMINISTRATOR: ESTOPPEL. Where a claim was filed in proper form against the estate of a decedent, of which no notice was served upon the administrator, but upon which a partial payment was made by the administrator, and an offer made for the payment of the balance in real estate, and which, in a petition for the sale of real estate, was reported by the administrator to the court as a valid claim against the estate, *held*, that the filing of the claim was the commencement of proceedings for its allowance, and stopped the running of the statute of limitation; and that the defendant was estopped by his acts from setting up the statute because no notice was served as provided by section 2408 of the Code.

*Appeal from Wapello District Court.*—HON. CHARLES D. LEGGETT, Judge.

VOL. 83—38

THURSDAY, OCTOBER 22, 1891.

PROCEEDINGS in probate to prove and establish a claim against the estate whereof the defendant is the administrator. The claim was established and allowed, and a judgment or order for the payment entered accordingly. The defendant appeals.—*Affirmed.*

*Chambers, McElroy & Roberts,* for appellant.

*Burton & Jaques,* for appellee.

BECK, C. J.—I. The plaintiff's claim against the estate is based upon two promissory notes executed by the intestate, one due September 11, 1877, the other August 3, 1879. On the eleventh day of March, 1887, the plaintiff filed the claim set up in this case, duly certified by his oath, as required by statute. A notice that the claim would "come on for hearing and proof" on the first day of the next term of the court was served on the defendant January 11, 1890. Subsequently, the plaintiff filed an amended petition or claim, setting up, among other things, facts intended to show that the claim is hereby taken out of the operation of the statute of limitations, which, it seems, was raised on an objection to the allowance of the claim by demurrer before the filing of the amended claim or petition. The defendant filed an answer, denying the allegations of the petition, and claiming that recovery thereon is barred by the statute of limitations. Upon the issues raised by these pleadings the cause was tried by the district court.

II. The evidence, beyond controversy, establishes that the promissory notes constituted a just and lawful claim against the estate, which ought to be allowed, unless the proceeding is barred by the statute of limitations.

III. In our opinion defendant cannot, in view of the facts of the case, invoke the statute to defeat the action. The evidence shows that after the claim was filed for allowance by the court the defendant paid the plaintiff five hundred dollars thereon, and took a receipt showing such payment. He offered to satisfy the whole claim if the plaintiff would accept real estate in payment thereof. He reported to the court the notes as being a valid claim against the estate, and in a petition for the sale of real estate to pay debts the plaintiff's claim is mentioned and referred to as valid and subsisting. We think, in consideration of these facts, the plaintiff's claim is not barred by the statute for these reasons. The filing of the claim was the beginning of proceedings for its allowance. If the claim is approved by the administrator, no notice is required, and the claim may be allowed by the clerk without further proceedings. Code, sec. 2408. This proceeding was commenced, at issue, and ready for judgment without proof, if the administrator had approved the claim. In that case, as no notice was required, the suit was fully commenced without it. It was as in the case of filing a petition in the district court in an action at law and a voluntary appearance and answer admitting the allegations of the petition. In such case the action is commenced and pending upon the filing of the petition, or surely upon the appearance of the defendant, and the provision of Code, section 2532, would not apply to it. Surely, the defendant would not be permitted to withdraw his answer, admitting the allegations of the petition, and file an answer setting up the statute of limitations, on the ground that, as there was no original notice put in the hands of the sheriff, the statute continued to run. In the case before us the defendant in effect approved the plaintiff's claim in his report to the court, in his petition to sell lands, and in his written indorsement of payment made upon the notes. These

acts, in our opinion, are express approvals of the claim, and comply with the requirements of Code, section 2408. Under this section the claim ought to have been allowed without notice, and the statute of limitations ceased to run at the time the notice was dispensed with by the admissions of the plaintiff. In support of these views we cite the following cases: *Smith v. McFadden,* 56 Iowa, 482; *Schriver v. Holderbaum,* 75 Iowa, 33. Surely, after having made payment upon the plaintiff's claim, and recognized it in his report and petition as subsisting and valid, and after offering to pay in real estate, thus leading the plaintiff to believe it was approved and admitted, and inducing him to act accordingly, the defendant is estopped now to set up the statute of limitations to defeat the action. He cannot, by his acts and declarations, induce the plaintiff to delay proceedings in the case, and then, because of such delay, invoke the statute of limitations to defeat the action.

The foregoing considerations are decisive of the case. The judgment of the district court is AFFIRMED.