PHELPS, DODGE & PALMER COMPANY, Appellee, v. ADELAIDE GREENBAUM, Administratrix, Appellant.

$\frac{87}{93}\frac{347}{31}$

**Estates of Decedents:** CLAIMS OF THIRD CLASS: TIME FOR PROVING.
   If a claim against the estate of a decedent is filed with the clerk of the district court within six months after the first publication of the

notice of the appointment of an administrator, it is a claim of the third class, regardless of the time when notice of the hearing thereon is served upon the administrator.

*Appeal from Howard District Court.*—HON. L. O. HATCH, Judge.

SATURDAY, JANUARY 28, 1893.

THIS is a proceeding in probate to establish a claim against the estate of a person deceased. From an order allowing the claim as one of the third class, the administratrix appeals.—*Affirmed.*

*H. T. Reid,* for appellant.

No appearance for appellee.

ROBINSON, C. J.—L. Greenbaum, a resident of Howard county, died on the tenth day of January, 1891. Adelaide Greenbaum was appointed administratrix of his estate and caused the first publication of the notice of her appointment to be made on the twenty-ninth day of the month named. The assets of the estate amounted to but four thousand, three hundred dollars, while claims of the third class, exclusive of that of plaintiff, and including one of the administratrix, have been filed against it to the amount of more than eighteen thousand dollars. On the twenty-fourth day of March, 1891, the plaintiff filed in the office of the clerk of the district court of Howard county a duly verified claim against the estate for the sum of two hundred and twenty-three dollars and twenty-five cents, but no action was taken thereon and no notice thereof was given until the twenty-first day of September, 1891. On that day a notice of the claim, with a copy thereof, was served on her, and she was informed that it would be brought on for a hearing at the term of court which commenced on the fifth day of the next month. She

appeared in court in response to the notice, and objected, as administratrix, and in her own right, to an allowance of the claim as other than one of the fourth class, on the ground that notice thereof had not been given her, as administratrix, within six months from the first publication of the notice of her appointment. Her objections were disregarded, and the claim was allowed as one of the third class. Of that ruling she complains.

The statute provides for the payment of the expenses of administration, the charges of the last sickness and funeral of the deceased, and an allowance by the court for the maintenance of his widow and his minor children. Section 2420 of the Code provides that "other demands against the estate are payable in the following order: *First*, debts entitled to preference under the laws of the United States; *second*, public rates and taxes; *third*, claims filed within six months after the first publication of the notice given by the executors of their appointment; *fourth*, all other debts; *fifth*, legacies." It will be noticed that the claim of the plaintiff was filed within the time required to make it one of the third class, but notice thereof was not given to the administratrix until after that time. The question we are required to determine is, whether the failure to give notice of the claim within six months after the first publication of the notice of the appointment of the administratrix given by her, prevents the claim from being treated as one of the third class. Section 2408 of the Code provides that claims against the estate of a decedent shall be clearly stated, sworn to, and filed, and ten days' notice of the hearing thereof, accompanied by a copy of the claim, shall be served on one of the executors in the manner required for commencing ordinary proceedings, unless the same have been approved by the administrator, in which case they may be allowed by the clerk without said notice. The notice provided for by this section has no effect in deter-

mining the class to which a claim belongs, but is required, when the claim has not been approved by the administrator, to entitle the claimant to a hearing, and an allowance of the claim. The class to which it belongs, if of either the third or fourth, is fixed by the time of filing, and not by the notice given. Claims of the fourth class must not only be filed, but they must be proved, within twelve months of the giving of the notice, unless they fall within the excepted cases provided for by the statute, or they will be barred. Code, section 2421; *Willcox v. Jackson*, 51 Iowa, 298. But the failure to prove claims of the third class during the time in which they may be filed does not bar them. The statute provides for notice of a hearing, but does not fix the time within which it must be given. *Godes v. Hassen*, 81 Iowa, 198. A failure to give the notice during the time allowed in which to file the claim does not have the effect to transfer it to another class, nor to defeat it.

In *Noble v. Morrey*, 19 Iowa, 509, it was said that the proof or establishment of a claim of the third class during the time within which it must be filed was not necessary, but that it became a claim of that class by filing, if finally established. It is true that nothing was said in that case in regard to notice, but it contains nothing to indicate that notice was regarded as necessary to constitute a claim filed one of the third class. On the contrary, the court said that the filing advises the administrator that the claim is made, and he must regulate his disbursement of the assets accordingly. In *Smith v. McFadden*, 56 Iowa, 482, it was held, in effect, that a notice was not essential to constitute a claim filed within the statutory period of six months one of the third class; that the administrator must take notice of all claims filed, without the service of notice; that, where he fails to approve the claim, it is denied by operation of law; and that before it can be

adjudicated, a notice of the hearing thereof must be given. The claim in controversy in that case was filed, and a part thereof approved, within six months from the time of the appointment of the administrator, and it is said that the question we are now required to determine was not in the case for the reason that the administrator had actual notice of the claim as filed. That would be true, if the only object of the notice was to inform the administrator that a claim against the estate had been filed; but the notice required by statute is not of the filing, but "of the hearing" of the claim, that a defense thereto may be made, if deemed advisable, and an adjudication had. We have not overlooked the fact that the conclusions we announce in this case are in conflict with a part of what was said in *Ashton v. Miles,* 49 Iowa, 564. But, so far as the conflict extends, that case was practically overruled by the case of *Smith v. McFadden, supra,* and can not now be regarded as an authority.

The order of the district court is AFFIRMED.