HENRY FRITZ v. WM. FRITZ, Administrator of the
Estáte of B. FRITZ, Appellant.

**Statute of Limitations: PROBATE.** The filing of a note as a claim against an estate, before the note is barred, prevents the running of the statute and it is not material that notice of hearing upon the claim is not given until the note has run more than ten years after maturity. *Ashton v. Miles*, 49 Iowa, 564, *questioned.*

*Appeal from Wapello District Court.—*HON. W. I. BABB,
Judge.

MONDAY, DECEMBER 17, 1894.

Proceedings to establish a claim against an estate. From an order establishing and allowing the claim, the administrator appeals.—*Affirmed.*

*McElroy & Roberts* for appellant.

*J. J. Smith* and *A. C. Steck* for appellee.

Deemer, J.—The defendant is the administrator of the estate of B. Fritz, deceased. On the second day of November, 1891, the appellee filed in the office of the clerk of the District Court of Wapello county a claim against the estate for a balance alleged to be due on book account, in the sum of two hundred and thirty-six dollars and sixty-seven cents, and upon a note signed by Fritz, in the sum of one hundred and twenty-five dollars, dated January 1, 1882, due one day after date, and bearing interest at the rate of ten per cent from date. The administrator failed to allow the claim, and on June 29, 1893, plaintiff served upon defendant a notice of the proving of the claim, and that the same would come on for hearing at the following August term of

the District Court. The administrator admitted the claim as to the book account, and denied any indebtedness upon the note, and further pleaded that the note claim was barred by the statute of limitations. The District Court allowed the claim in full, and the administrator appeals.

The sole question presented by this appeal relates to the bar of the statute of limitations. It will be observed that the claim was filed before the note was barred, but notice of the hearing thereof was not given until more than ten years after the maturity of the note. The single question then is, does the filing of the claim suspend the running of the statute,—was the filing of the claim the commencement of an action on the note? The general statutes of limitation are as follows: Code, section 2529: "The following actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: *  * 5.—Those founded on written contracts *  *  *  * within ten years." Section 2532 is as follows: "The delivery of the original notice to the sheriff of the proper county, with intent that it be served immediately, which intent shall be presumed unless the contrary appears, or the actual service of that notice by another person, is a commencement of the action." The statutes with reference to claims against estates provide: Section 2408: "Claims against the estate shall be clearly stated, sworn to and filed; and ten days' notice of the hearing thereof, accompanied by a copy of the claim, shall be served on one of the executors in the manner required for commencing ordinary proceedings, unless the same have been approved by the administrator, in which case they may be allowed by the clerk without said notice." Section 2410: "All claims filed, not expressly admitted in writing signed by the execu-

tor, with the approbation of the court, shall be consid-
ered as denied without any pleading on behalf of the
estate." Section 2411: "If a claim filed against the
estate is not so admitted by the executor the court may
hear and allow the same or may submit it to a jury; and
on such hearing, unless otherwise provided, all provis-
ions of law applicable to an ordinary proceeding shall
apply." Other sections of the Code make it the duty
of the administrator, as soon as possessed of sufficient
means, to pay, first, the charges of the last sickness and
funeral of the deceased; next, the allowance made by
the court to the widow, if any; and then other demands
in the following order: (1) Debts entitled to prefer-
ence under the laws of the United States; (2) public
rates and taxes; (3) claims filed within six months after
first publication of notice; (4) all other debts; and (5)
legacies.

On behalf of the appellant it is insisted that the fil-
ing of the claim is not the commencement of the action;
that the proceeding is not commenced, within the
meaning of the law, until notice of the hear-
ing of the claim has actually been served upon
the administrator, or until it has been placed in the
hands of the sheriff with intent that it be served imme-
diately, as contemplated in section 2532, before quoted.
While it is true, generally speaking, that an action is
not commenced in this state until actual service of
original notice, and that, for the purpose of avoiding
the running of the statute of limitations, it is not com-
menced until the original notice is placed in the hands
of the sheriff for service, yet we think an action may
otherwise be commenced. Thus, it has been held that,
to all common intents and purposes, an action by
attachment may fairly be considered as begun when
the petition is filed. *Hargan v. Burch,* 8 Iowa, 309; *Reed*
*v. Chubb,* 9 Iowa, 178; *Elliott v. Stevens,* 10 Iowa, 418. So

also, in the case of *Sweatt v. Faville*, 23 Iowa, 321, which
involved a construction of the statutes of limitation, it
was held that the filing of the petition and the service
of a writ of injunction, where the injunction was asked
as an independent means of relief, and not auxiliary to
other proceedings, was the commencement of the
action, although the original notice was not served
until after the time allowed for the commencement of
the suit. Turning, then, to the statute above quoted,
with reference to the filing of claims against an estate,
and looking to its provisions, we think it very clear that
this action or proceeding was commenced when the
claim was filed with the clerk, and that it was the duty
of the administrator to take notice thereof from the
time of its filing. The claim, if the administrator
refused to allow it, could not be brought on for hearing
without notice to the administrator unless he waived
it. But the notice required to be given is not a notice
of the filing of the claim, but notice of the hear-
ing. The Code nowhere requires notice to be
given of the filing of claims, and the reason for
this must be that as the probate court is always open,
and the administrator is charged with certain duties
with reference to the payment and adjustment of
claims and the distribution of assets, for the purpose of
allowing claims the administrator is always in court,
and must take notice of all that are filed. In the case
of *Noble v. Morrey*, 19 Iowa, 509, it is expressly held
"that the filing advises the administrator that a claim
is made, and he must regulate his disbursements
accordingly;" and in the case of *Smith v. McFadden*, 56
Iowa, 482, 9 N. W. Rep. 350, it is held, in construing sec-
tion 2408 of the Code: "All that is required on the part
of the complainant is to make out the claim, verify and
file it. He is not bound to notify the administrator
that he has done so. The latter must take notice of all

claims filed, and approve or allow the same, as he sees proper. \* \* \* \* If he fails to approve the claim, it is regarded as denied by the operation of the law, and thus an issue is formed. \* \* \* \* By filing the claim, it may be said, action on the part of the administrator is invoked, but clearly the court is not called upon to do anything. Whatever is done by the administrator,—that is, if he allows any part of the claim,—this may be satisfactory to the claimant; and it is not the policy of the law that litigation shall be commenced until opportunity has been afforded the representative of the estate to examine the claim, and allow it if he sees proper to do so, and thus save costs and expenses." We have quoted at some length from this opinion, because it seems to us to be decisive of the question involved. In the case of *Schriver v. Holderbaum*, 75 Iowa, 33, 39 N. W. Rep. 125, the case of *Smith v. McFadden* was cited with approval, and it was also held that the court had complete jurisdiction of the parties (claimant and administrator), and that both were before the court from the time the claims were filed, until the formal approval thereof, although no notice of the hearing was given. See, also, *Wilson v. McElroy*, 83 Iowa, 593, 50 N. W. Rep. 55; *Godes v. Hassen*, 81 Iowa, 197, 46 N. W. Rep. 980; and *Phelps v. Greenbaum*, 87 Iowa, 347, 54 N. W. Rep. 76. Counsel for appellant places great reliance upon the case of *Ashton v. Miles*, 49 Iowa, 564. It is sufficient to say, with reference to that case, that, in so far as it is in conflict with the rules here announced, it has been practically overruled in the cases of *Smith v. McFadden* and *Phelps v. Greenbaum, supra.* We think the lower court correctly held that the filing of the claim was the commencement of the proceedings, that section. 2532 of the Code does not apply, and that the claim is not barred by the statute of limitations.—*Affirmed.*