F. V. VAN PATTEN, v. JESSIE WAUGH, Administratrix of Frank P. Van Patten, Deceased, Appellant.

Claim Against Estate: LIMITATION: AMENDMENTS. Where a claim is filed against an estate based upon the ownership of a note, an amendment alleging that claimant was surety thereon and was compelled to pay the same, states a different cause of action which the original filing will not save from the bar of the statute of limitations.

*Appeal from Jackson District Court.—HON. A. J. HOUSE, Judge.*

THURSDAY, JANUARY 21, 1904.

ON the 25th day of March, 1899, F. V. Van Patten filed two claims against the estate of Frank P. Van Patten, deceased. In each the copy of a promissory note of $500 dated March 1, 1893, one payable in one year and the other in two years to G. W. Vine, and signed by F. P. Van Patten and F. V. Van Patten, was set out, and the following affidavit attached:

"State of Iowa, Jackson County—ss.: I, F. P. Van Patten, being duly sworn, on oath say that I am the owner of the note, a copy of which is hereto attached; that the same is genuine, just, correct, and wholly unpaid; that the sum of $500 and interest is now justly due thereon from said estate to me. F. V. Van Patten.

"Subscribed and sworn before me and in my presence by said F. V. Van Patten this 2d day of March, 1899. L. W. Hubbard, Notary Public."

On September 29, 1900, the administratrix answered, denying that anything was due on the notes, and also that plaintiff was owner thereof, and averred that the notes were joint, and fully paid in the lifetime of deceased. November

1, 1900, the plaintiff, having employed an attorney, filed an amendment to his claim, in which he alleged that the payee in the notes was owner of a certain tract of land, which deceased bought; that said notes were executed in payment of the purchase price by the deceased, and that plaintiff signed said notes as surety only; that plaintiff was compelled to, and did, pay said notes at maturity; that the amount so paid, with interest, is still due and unpaid. The administratrix put in issue these allegations, and especially pleaded the statute of limitations. Trial was had without a jury, and the claims allowed. The administratrix appeals.—*Reversed.*

*Levi Keck* and *W. C. Gregory* for appellant.

*D. A. Wynkoop* for appellee.

LADD, J.—The claims herein were first filed against the defendant as administratrix of the estate of Frank P. Van Patten, deceased, March 25, 1899, and within five years after their payment by the plaintiff in the fall of 1894. At that time the demand for their allowance was based upon plaintiff's affidavit that he was owner of the notes, and that they were entirely unpaid. This filing was equivalent to the beginning of an action. *Fritz v. Fritz,* 93 Iowa, 27. Not until November 1, 1900, more than five years after such payment, were the claims amended so as to assert that plaintiff had signed the notes as surety of deceased, and had subsequently paid them. A surety, in paying a note on which he is obligated as such, does not become owner of the note, and cannot maintain an action thereon. His remedy is on an implied promise of the principal to indemnify him for the amount actually paid for his benefit. As this promise is not in writing, an action thereon is barred in five years from the time it takes effect. *Harrah v. Jacobs,* 75 Iowa, 72; *Lamb v. Withrow,* 31 Iowa, 164.

As more than five years from the time plaintiff paid the notes had elapsed when the amendment was filed, appellant contends that the claims were barred by the statute of lim-

itations. This, of necessity, depends upon whether the cause of action therein stated was different and distinct from that stated when the claims were first filed. That they were we think is susceptible of demonstration. Originally the claims rested on the failure to pay the written obligation to Vine— the amount specified in the notes, with seven per cent. interest and a reasonable attorney's fee. Under the amendment the claims are based upon an implied, not written, promise to pay plaintiff (not Vine or order) the amount actually expended by plaintiff in the discharge of his obligations as surety (not that named in notes), with interest from the date of such payment (not the date of the note) at six per cent. (not seven per cent., as agreed in the note), without attorney's fee. The contracts are not the same, neither are the debts, though incidentally growing out of the same instruments. The proof essential to establish the claims when first filed—ownership and nonpayment of the notes—would defeat the claims as amended. What constitutes a particular cause of action was considered in *Box v. C., R. I. & P. Ry. Co.*, 107 Iowa, 660; and the distinction between it and the subject of the action pointed out in approving a quotation from *Rodgers v. Association*, 17 S. C. 406: "The subject of the action is what was formerly understood as the subject-matter of the action. * * * The cause of the action is the right claimed or the wrong suffered by the plaintiff, on the one hand, and the duty or delict of defendant, on the other, and these appear by the facts of each separate case." On what rested the right the plaintiff first asserted? The nonpayment of the notes to the assignee of Vine. This was based upon the omission of a duty on the part of the makers to pay. The causes of action were not on the notes, but the breach of promises evidenced by the notes, and the claims were then based upon this breach. *Park v. Brooks*, 38 S. C., 300 (17 S. E. Rep. 23). The amendment distinctly negative the ownership of the notes, and alleged payment; thereby expressly repudiating the very facts upon which recovery was at first predicated. It rests on the plaintiff's right on

the implied promise to pay him, and the dereliction of duty on the part of deceased, as principal, in failing to do so. The cause of action was the breach of another promise, not evidenced in writing, but implied from the relationship of the parties. As the right asserted in the amendment was not the same as that originally stated, and the breach was of a different contract, it follows that the causes of action were distinct. It is not like amending so as to aver an oral contract to have been in writing, as in *Verdery v. Barrett,* 89 Ga. 349 (15 S. E. Rep. 476) for there the debts were the same. See *Cobb v. Ry.,* 38 Iowa, 627; *Taylor v. Taylor,* 110 Iowa, 207. In *Williamson v. Ry.,* 84 Iowa, 583, the court said: "Where the gist of the action remains the same, although the alleged incidents are different, the court has the right to permit the plaintiff to withdraw his original declaration and file an amended one." But as seen, the gist of this amendment was not the same. The mere fact of indebtedness does not indicate the cause of action out of which it arises. Otherwise an amendment alleging tort might be said not to add a new cause in an action on contract. As long as the pleader adheres to the contract or injury originally declared on, he may change the form or amplify his allegations; but he cannot inject by amendment an entirely new cause of action, and by so doing avoid the bar of the statute of limitations, which has run against it. No little difficulty has been experienced in stating an invariable test, and perhaps none should be attempted. Several, however, have been made use of—such as whether recovery on the original complaint would bar recovery under the amended complaint, whether the same evidence would support both, whether the same measure of damages is applicable to both, or both are subject to the same plea. 1 Encyclopedia Pleading and Practice 556; *Hurst v. Ry.,* 84 Mich. 539 (48 N. W. Rep. 44); *Rhemke v. Clinton,* 2 Utah 230. Measured by each of these tests, the amendment stated a new cause of action. The case most favorable to plaintiff seems to be *Jacobs v. Gilreath,* 143 S.

C. 41 (19 S. E. Rep. 308). There the action was for recovery on a note, alleging certain payments; and, as the statute of limitations had run, the plaintiff was allowed to amend by alleging a promise to pay the note implied, by virtue of a statute, from such payments. But it is to be observed that the debt continued the same, and all that was added was conclusion of the pleader. See, also, *Daley v. Gates,* 65 Vt. 591 (27 Atl. Rep. 193). As the amendment alleged a different contract, a breach of which created a distinct indebtedness, it constituted a new cause of action, and the defense interposed should have been sustained.— REVERSED.