SARAH I. SLATER, Appellée, v. EDMUND H. ROCHE, Appellant.

**Limitation of actions:** COMMENCEMENT OF ACTION: ATTACHMENT:
1　An action to subject property of a nonresident to the payment of a foreign judgment is commenced, within the meaning of the statute of limitations, when the property is levied upon under a writ of attachment, and the statute then ceases to run.

**Judicial notice.** The court will take judicial notice of all papers
2　regularly issued, filed and returned in the case; as a writ of at-

tachment or the return of the officer thereon, without its formal introduction in evidence.

**Limitations of actions:** ATTACHMENT: ENFORCEMENT OF LIEN.  An action upon a foreign judgment against a nonresident aided by attachment, is, so far as the attachment is concerned, a proceeding *in rem* or *quasi in rem;* and the property of defendant levied upon under the attachment before the running of the statute of limitations may be subjected to the payment of the debt, even though a personal judgment can not be rendered against the defendant because the action for that purpose was not commenced in time.

**Same:** COMMENCEMENT OF ACTION: PERSONAL JUDGMENT.  An action against a nonresident is not commenced within the meaning of the statute of limitations by the filing of the petition or the affidavit for publication of notice, but upon completed publication of the notice; and where the publication is not complete until after the running of the statute a personal judgment can not be rendered even though the defendant personally appears after the claim is barred.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

THURSDAY, JUNE 16, 1910.

ACTION aided by attachment upon a foreign judgment. Defendant pleaded the statute of limitations.  Upon trial to the court judgment was rendered subjecting the attached property to the payment of the judgment, but denying a personal judgment against defendant for the remainder. Both parties appeal; but, as defendant first perfected his appeal, he will be called appellant.—*Affirmed.*

*Mulvaney & Mulvaney,* for appellant.

*Dunshee & Haines* and *C. R. Dorn,* for appellee.

DEEMER, C. J.—A judgment in favor of plaintiff and against the defendant was rendered by a district court

of the state of Minnesota on the 8th day of December, 1897, for the sum of $416.28. On the 23d day of November, 1907, plaintiff filed a petition in the district court of Polk county, Iowa, in which she asked judgment for the amount of the Minnesota judgment with interest and costs. Alleging that defendant was a nonresident of the state, she asked and obtained a writ of attachment against the property of the defendant, which writ was issued, and upon the same day levied upon certain property of the defendant in Polk county, Iowa. Notice of the levy was immediately served upon the manager of a company in which defendant was interested. On November 26, 1907, a proper affidavit for publication of notice was filed, and on the 24th day of December proof of publication of notice was filed in the Polk county district court. The affidavit of publication showed that the notice was published November 27, December 4, December 11, and December 18, 1907. April 11, 1908, plaintiff filed an amendment to her petition and also a supplemental petition, and on May 4, 1908, she filed another amended and supplemental petition. Defendant appeared and filed answer October 31, 1908, in which, among other things, he pleaded the statute of limitations. He also pleaded a Minnesota statute reading as follows: "No action shall be maintained upon a judgment or decree of a court of the United States, or of any state or territory thereof, unless begun within ten years after the entry of such judgment." Section 4075, chapter 77, Rev. St. 1905.

A demurrer to defendant's answer and plea of abatement was overruled, and thereupon plaintiff filed a reply, in which, among other things, she pleaded a statute of Minnesota reading as follows: "If, when a cause of action accrues against a person, he is out of the state, an action may be commenced within the time herein limited after his return to the state; and if, after the cause of action accrues, he departs from and resides out

of the state, the time of his absence is not part of the time limited for the commencement of the action." Section 4082, Rev. Laws. She further averred that, after the rendition of said judgment, the defendant departed from the state of Minnesota, and was absent from said state several years, by reason of which plaintiff's cause of action on said judgment was never fully barred by the laws of the state of Minnesota. Upon these issues the case was tried to the court, a jury being waived, resulting in a judgment condemning the attached property and ordering it subjected to the payment of plaintiff's judgment for the sum of $704.93, but denying plaintiff's prayer for personal judgment.

Appellant contends that under the Minnesota statute first quoted plaintiff's action was fully barred, and that the trial court erred in subjecting the attached property to the payment of the Minnesota judgment.

1. LIMITATION OF ACTIONS: commencement of action: attachment.

Plaintiff contends that the court erred in not rendering personal judgment against the defendant for the full amount of the Minnesota judgment with interest and costs. It is conceded that at all times material to our inquiry defendant was a nonresident of this state, and it is also conceded that, if this action was not commenced within ten years from the time of the rendition of the Minnesota judgment, this action is barred. Completed service of notice by publication was not had until December 18, 1907, which was more than ten years after the rendition of the Minnesota judgment, although the first two publications were made within that time. However, the writ of attachment was issued, levied, and returned within the ten years, although defendant did not personally appear until some months after the expiration of the ten-year period. It is contended that action was not commenced until the completion of the service of notice by publication. This seems to be the rule established by this court. *Littlejohn*

*v. Bulles,* 136 Iowa, 150; *Bardsley v. Hines,* 33 Iowa, 157. Neither the filing of the petition nor of the affidavit for publication in themselves amounted to the commencement of the action, and, as completed service was not had until the expiration of the ten-year period, plaintiff's action is barred, unless it be for the fact that an attachment was sued out and levied upon defendant's property in this state before the expiration of the ten-year period. We have held that, where an action is aided by attachment, it is to be deemed commenced when the petition is filed. *Hagan v. Busch,* 8 Iowa, 309. Again, in *Sweatt v. Faville,* 23 Iowa, 321, which was an action for an injunction, it was held that the action was commenced "at least when the writ was served," and was not barred although no notice was delivered to the sheriff or served within the statutory period. In *Lacey v. Newcomb,* 95 Iowa, 287, we held that the filing of a claim with an assignee for the benefit of creditors was the commencement of an action and stopped the running of the statute of limitations. So, also, it has been held that the filing of a note with an administrator of an estate is the commencement of a suit. *Fritz v. Fritz,* 93 Iowa, 27. These cases by analogy point the way to the decision of this appeal. This action was to subject the property of a nonresident to the payment of a foreign judgment. It could only be done by attaching the property—the *res*— and when that was done the action was commenced within the meaning of the limitation statutes. Moreover, defendant's agent and manager was served with notice of the levy. We are constrained to hold that the action, in so far as it was brought to subject property to the payment of the judgment, was commenced when the property was levied upon, if not before, and that it is not barred by the statute.

II. But appellant contends that plaintiff did not offer the writ of attachment or the return of the officer

thereon in evidence, and that for this reason the trial court

**2. Judicial Notice.** was in error in rendering any kind of judgment in the case. The writ was issued in the case on trial, and plaintiff was relying upon the issuance and service thereof in support of her claim. The trial court found that a writ was issued and in its judgment copied the return made by the sheriff. It does not appear that defendant made the point upon which it now relies in the trial court; but if it did no ground for reversal on this score appears. The court was justified in taking judicial notice of all the papers properly issued and filed or returned in the case. That it did take such notice is apparent from the record. This question of the right and duty of the court to take judicial notice of the papers and proceedings in the case on trial is fully considered in the recent case of *Haaren v. Mould,* 144 Iowa, 296. See, also, *Poole v. Seney,* 70 Iowa, 275; *State v. Olds,* 106 Iowa, 114; *Kenosha Co. v. Shedd,* 82 Iowa, 544; *Conlee Co. v. Meyer,* 74 Iowa, 403.

The trial court found that the levy of the writ of attachment was sufficient to stop the running of the statute in so far as the attachment was concerned, but insufficient

**3. Limitation of actions: attachment: enforcement of lien.** in so far as personal judgment was sought against the defendant who was a nonresident. Defendant did not personally appear until after the statute of Minnesota had fully barred the claim, and he pleaded that statute as a bar to the cause of action. It was only by reason of his personal appearance that judgment might be rendered against him. At that time, however, the action against him personally was barred; hence plaintiff had no right to a personal judgment. But it does not follow that plaintiff was not entitled to subject the property attached to the payment of the judgment. The action, in so far as the attachment is concerned, was *in rem* or *quasi in rem.* In other words, it was an action to subject the

property of a nonresident to the payment of a foreign judgment against him. This action, as we have seen, was commenced in time and could proceed to judgment even though defendant did not appear. So that whether he appeared or not plaintiff was entitled to subject the property. Defendant's appearance gave him no greater rights in this respect than if he had not appeared. Upon appearance plaintiff would be entitled to personal judgment against him unless the right thereto was barred; but his appearance did not deprive plaintiff of the right to proceed with the attachment. As that action was not barred, the property could be subjected to the payment of the debt, although by reason of the statute of limitations no personal judgment could be obtained against the defendant. Defendant's counsel reason in a circle when they say that the attachment can not be sustained for the reason that there is no debt which can be enforced against the defendant. When the action was commenced, there was a debt which could be made the basis of an attachment suit, and nothing which defendant might do or fail to do would affect plaintiff's right to subject the property. Upon the levy of the writ that right became fixed, and the statute, in so far as the right to subject the property to the payment of the debt is concerned, was suspended and ceased to run. It is not necessary that the debt be enforceable as a personal claim in order to justify the subjection of property to the payment thereof. If the action had been against a resident of this state, perhaps a different rule might apply. Upon that question we make no pronouncement at this time.

III. Plaintiff's appeal is based upon the holding of the trial court that she was not entitled to personal judgment against the defendant for the full amount of the Minnesota judgment with interest and costs. Unless the action was commenced in time so that the statute of limitations did not bar the claim, the holding of the trial

court was correct.  Defendant's personal appearance was
the only justification for a personal judg-

4. SAME:
commencement ment against him, and, as this was after
of action:
personal the judgment was barred, no personal judg-
judgment.
ment could properly be rendered.  Neither
the filing of the affidavit for publication nor the two
publications of notice amounted to the commencement of
the action for any purpose.  If publication of notice be
sufficient to arrest the running of the statute upon a per-
sonal claim—a point which we do not decide—such pub-
lication must be complete before the action may properly
be said to have been commenced.  Ordinarily an action
is "commenced" by the service of notice; and the service
contemplated is a completed one.  For the purpose of the
statute of limitations, other things may be regarded as
the commencement of the suit, as the delivery of the
notice to the sheriff with intent that it be served imme-
diately as provided in section 3450 of the Code.  But
there is no provision for treating any step short of com-
pleted service as the commencement of an action where
the service is by publication.  The trial court was right
in denying plaintiff a personal judgment against the de-
fendant.

No error appears, and the judgment must be, and it
is, *affirmed*.