IN RE ESTATE OF NELLIE L. FULLER.

BLUE GRASS SAVINGS BANK, Appellant, v. JESSE C. FULLER, Executor, Appellee.

No. 45177.

JUNE 18, 1940.

Hoersch & Hoersch, for appellant.

Smith, Swift & Maloney, for appellee.

HALE, J.—The facts in this case are not in dispute. The case was tried on a stipulation and the claim was disallowed. From such disallowance this appeal is taken.

On December 28, 1928, one C. R. Pettit executed his note to the claimant in the sum of $1,211. This note bore the following endorsement:

"For Value Received We hereby guarantee the payment of the within note, waiving demand, notice and protest. (Signed) Nellie Fuller. (Signed) Matilda Pettit."

This note was secured by chattel mortgage. Several small payments were made and endorsed on the note, the last of which was on July 24, 1930. Nellie L. Fuller died and Jesse C. Fuller was appointed executor of her estate and notice of his appointment was given on March 18, 1933. Within the six months period, and on April 14, 1933, the claimant filed its claim on the note attached to the claim, in the office of the clerk of the district court of Scott county. On July 17, 1933, a resistance to the claim was filed by the executor of the Nellie L. Fuller estate, alleging that the endorsement was without consideration; that the note and chattel mortgage were canceled by act of the parties therein concerned; estoppel; that the signature was obtained by fraud, duress, intimidation, and misrepresentation; and other reasons. Neither such claim nor the objections was ever set down for hearing. On February 27, 1939, the executor filed his final report, in which he referred to the claim and to the fact that he had previously filed his resistance thereto; and alleging that the note was past due for more than 10 years and the principal maker thereof, by reason of the statute of limitations, was relieved from any liability in connection therewith. The report further alleges that the guarantor is discharged by the discharge of the principal, alleges the bar of the statute of limitations, and asks that the report be

approved. On March 10, 1939, the claimant filed its objections to the final report of the executor, alleging that the filing of the claim constituted the institution of an action against the executor; denying that the statute of limitations could run against the claimant during the pendency of the action; denying the bar of the statute; and asking the allowance of the claim and that the final report of the executor be not approved. The stipulation, subject to the objection of the claimant, further sets out the purchase of certain real estate prior to the execution of the note, but this is not material to the point in issue in this proceeding.

A jury was waived and hearing had, and the note attached to the claim was offered in evidence against the objection of the executor. On May 3, 1939, the court entered an order overruling the objections to the final report of the executor and disallowing the claim, and from this order appeal is taken to this court.

The only question involved in this proceeding is whether or not the claim is barred by the statute of limitations (Code, 1939, Section 11007). The claimant (appellant herein) contends that the filing of the claim tolled the statute of limitations, that being the commencement of an action. On the other hand the executor argues that, 10 years having elapsed between the date of the note and the filing of the final report, the note is now barred under the provisions of section 9581 of the Code of Iowa (being [§120] of the Negotiable Instruments Law), which provides that a person secondarily liable on an instrument is discharged by the discharge of a prior party. Section 9581 is in part as follows:

"A person secondarily liable on the instrument is discharged:

"1. By an act which discharges the instrument.
"* * *

"3. By the discharge of a prior party.
"* * *

"5. By a release of the principal debtor, unless the holder's

right of recourse against the party secondarily liable is expressly reserved."

The executor also refers to the fact that the claim against the estate was denied by the executor and that such claim did not come before the court on any notice filed by the claimant setting the matter of its claim for hearing and determination. As to the latter argument it is to be remembered that the claim was filed within 6 months after the giving of notice by the executor, and as such was a claim of the third class.

If no action were brought within 10 years from the date of the note, which, being a note on demand, was due on the date thereof, it would be fully barred by the statute on December 28, 1938. Citizens Bank of Pleasantville v. Taylor, 201 Iowa 499, 207 N. W. 570. But it is not disputed that if action were brought any time prior to December 28, 1938, the statute would be tolled. However, the claimant did file its claim on the 14th day of April 1933. The filing of a note as a claim against an estate before the note is barred prevents the running of the statute, and it is not material that notice of hearing upon the claim is not given until the note has run more than 10 years after maturity. Fritz v. Fritz, 93 Iowa 27, 61 N. W. 169. In that case the note which was a part of the claim was dated January 1, 1882. Claim therefor was filed in November 1891, and on the failure of the administrator to allow the claim, and on June 29, 1893, notice was served upon the administrator of the hearing at the coming term of the district court. The plea was the statute of limitations, and the court held that the single question was: Does the filing of the claim suspend the running of the statute, and was the filing of the claim the commencement of an action on the note? The court held (citing various authorities, including Smith v. McFadden, 56 Iowa 482, 9 N. W. 350; Schriver v. Holderbaum, 75 Iowa 33, 39 N. W. 125; Wilson v. McElroy, 83 Iowa 593, 50 N. W. 55; Godes v. Hassen, 81 Iowa 197, 46 N. W. 980; Phelps Dodge & Palmer Co. v. Greenbaum, 87 Iowa 347, 54 N. W. 76) that the filing of the claim was the commencement of an action,

and as such suspended the operation of the statute of limitations. The rule laid down in the above case has been cited approvingly at various times since. See Schroeder v. District Court, 213 Iowa 814, 239 N. W. 806; Slater v. Roche, 148 Iowa 413, 417, 126 N. W. 925, 927, 28 L. R. A., N. S., 702; Van Patten v. Waugh, 122 Iowa 302, 98 N. W. 119. We think it is the law of this state that the filing of a claim against an estate is the commencement of an action and as such tolls the statute.

The executor argues that if Nellie Fuller were the principal maker of the note and mortgage the note would not be barred as against her estate, but that it is barred for the reason that she was nothing more than a guarantor; and he contends that if an action is barred as against Pettit, it is by reason thereof barred as against the endorser, who is a guarantor only, for the guarantor is only secondarily liable, and therefore, under section 9581 of the Code, he is discharged by an act which discharges the instrument or by the discharge of the prior party. We think the error of the executor lies in considering only the date of the final report of the executor and in not taking into consideration the filing of the claim on the note, which was within the period prescribed by statute. At the time of the filing in 1933, the statute had not run against the principal any more than against the guarantor. It is true that a guarantor is only secondarily liable, but we see no reason, under the provisions of section 10975 of the Code, why action would necessarily have to be brought against both. The executor relies upon the cases of First National Bank of Shenandoah v. Drake, 185 Iowa 879, 171 N. W. 115, and Auchampaugh, Admr. v. Schmidt, 70 Iowa 642, 27 N. W. 805, 59 Am. St. Rep. 459. The Auchampaugh case held that in the case of a surety, where the claim was barred by the statute of limitations as against the principal debtor, it was by reason thereof barred as against the surety. In that case the note became due in May 1871, and the action was commenced in January 1885. At that time the statute had run against the principal, but it had not run against the surety by reason of nonresidence. The court held, however, that at the time of the institution of the suit the

note was barred against the principal and there could be no further recovery against him; that the surety would be allowed to set up any meritorious defense which the principal might have set up, and therefore could claim the benefit of the statute of limitations. In the Drake case the rule was extended to a guarantor, and it was there held that a cause of action barred by the statute against the maker of the note is, by reason thereof, barred against the guarantor on the same note, even though such guarantor is a nonresident of the state and there would otherwise be no such bar as to him. This case was an action begun against the guarantor after action on the note had been barred as to the maker. The court held that the rule as to a guarantor would be the same as had previously been announced in the Auchampaugh case as applying to a surety.

It will be noted, however, in the two cases cited, that the action was not begun against either the surety or the guarantor before the statute had run against the principal, as in the case at bar, and the surety or guarantor could not avail himself of any remedies against the principal debtor. Auchampaugh, Admr. v. Schmidt, supra (page 644). In the instant case action was commenced by the filing of the claim 5 years prior to the date when the statute of limitations would bar such action. We do not think the facts of either of the cases cited by the executor are such as to sustain his contention in the present case. So holding, the claim should have been allowed against the estate, and in consequence, the objections to the final report should have been sustained.

The facts in the stipulation referring to the purchase of certain real estate belonging to the decedent and the executor, and which is alleged to be a homestead and purchased prior to the signing of the note, we think have no bearing on the matter in issue here.

For the reasons given, the order of the district court should be, and it is, reversed.—Reversed.

SAGER, OLIVER, STIGER, BLISS, MILLER, and RICHARDS, JJ., concur.