KARR v. STIVERS, adm'r.

1. **Administrator: ADMISSION OF CLAIMS.** The admission of a claim, filed against an estate, as correct, by the administrator, does not, under section 19, chapter 158, Laws of 1870, preclude the court from requiring proofs, and finally rejecting the claim.

2. **Books of account: EVIDENCE.** To render books of account admissible in evidence, the necessary prerequisites or preliminary facts must be shown by the oath of the person who made the entries, unless his absence, or the absence of his testimony, is satisfactorily accounted for.

3. —— It must also appear that the charges sought to be proved were made in the ordinary course of business.

4. —— *Held*, that an item of charge for "four months work" could not be established by a book of account containing the charge and specifying dates within which the work was performed.

*Appeal from Clarke Circuit Court.*

FRIDAY, MARCH 29.

THE plaintiff filed in the circuit court of Clarke county a petition, claiming of the defendant the sum of $2,300.20 upon an account, the various items of which were attached to the petition. The defendant filed an answer as follows: "Being satisfied with the correctness of the above claim, it is admitted with a set-off of $163.68, being the amount of a promissory note to C. C. Karr." The plaintiff called up the cause, and asked the court to rule upon the claim as

presented in the petition and answer, and thereupon the court required proof, and the plaintiff testified as follows:

"This is my book of original entry. The charges were made at or near the time of the transactions, and each entry is just and true, and I read the items; and the prices charged are the just and reasonable value of the same, and no part of them has been paid."

The account thus read is as follows:

MEMPHIS, <i>March</i> 13, 1868.

CHARLES C. KARR, *Dr.*

| | |
|---|---:|
| To ½ J. G. Junkerman bill | $15.85 |
| " M. C. R. R. Co. bill | 337.95 |
| " T. Stiver's bill | 291.00 |
| And fifteen other like charges of same date, amounting in all to | 840.70 |

<i>November</i> 9, 1867.

CHARLES C. KARR, *Dr.*

| | |
|---|---:|
| To ½ 1 pair warehouse scales | $80.00 |
| " 1 iron safe | 55.00 |
| " 2 pair trucks | 20.00 |
| " 1 canvass awning | 10.00 |
| " 1 pair platform scales | 25.00 |
| " 1 lot of lumber | 121.00 |
| " 1 lot oats, corn, bran and hay | 85.00 |

<i>November</i> 14, 1867.

CHARLES C. KARR, *Dr.*

| | |
|---|---:|
| To ½ Memphis city R. R. Co.'s account for $2,475.25 put in note Dec. 31, 1867, at 6 per cent | $1,237.63 |

<i>March</i> 14, 1868.

CHARLES C. KARR.

| | |
|---|---:|
| To four months work, from November 14, 1867, to March 14, 1868, at $75 per month | $300.00 |

This being all the evidence introduced, the court took the claim under advisement, and afterward disallowed the same. Plaintiff appeals.

*H. L. Karr* for the appellant.

*Nourse & Kauffman* for the appellee.

DAY, J. — I. It is claimed by appellant, that upon the filing of an answer by the administrator, admitting the correctness of a claim against the estate, the court has no discretion to hear further proof, but must render judgment for the amount admitted to be due. This position ignores the provisions of the statute, section 19, chapter 158, Thirteenth General Assembly, as follows: "The executor may, with the approbation of the court, admit claims with the correctness of which he is satisfied, but not until the claimant has sworn to their correctness." Besides, it is not shown that any exception was taken to the determination of the court to hear evidence in the present case.

*1. ADMINISTRATOR: admission of claims.*

II. The remaining question presented has reference to the sufficiency of the evidence to establish the claim. The claim being against an administrator, the plaintiff is competent only to furnish the suppletory testimony necessary to an introduction of his book of account. It is claimed by appellee, that the proper foundation for the introduction of the book was not laid, and that it was not entitled to consideration by the court. The objection made is, that it does not appear that the party making the oath is the party who made the entries in the book. The general rule is, that no party other than the one who made the entries is competent to make the suppletory oath necessary for the admission of the book. The entry must be made by the very party who takes the oath. If the entry be made by a clerk, the party cannot be received till the death of the clerk be shown, or that he is, at least, beyond the power of the court. And where there are two parties, partners, and the entries are made by

*2. BOOKS OF ACCOUNT: evidence.*

one, he must be sworn, and he only, unless he be dead or absent from the State; and then, when this is clearly shown, the other may be sworn. Phill. on Ev.; Cow. & Hill's Notes, Part 1, p. 305, and cases cited. Substantially the same rule is established by the Revision. Section 3999 provides: " The charges must also be verified by the party or the clerk who made the entries, to the effect that they believe them just and true, or a sufficient reason must be given why such verification is not made." The oath of plaintiff does not show that the entries were made by him. It does not appear from the bill of exceptions that the book was offered in evidence, nor that the court had any opportunity of passing upon its admissibility. Upon the suppletory oath of plaintiff, and the reading of the items of charge from the book, the whole question was submitted to the court, and the cause was taken under advisement. No proper evidence being submitted in support of the claim, the court did not err in its rejection.

III. The book is not admissible for the purpose of establishing the claim made; section 3999 of the Revision reads as follows : " Books of account containing charges by one party against the other, made in the ordinary course of business, are receivable in evidence, only under the following circumstances, subject to all just exceptions as to their credibility." Under the English law a party's books are not admissible in evidence for him, but are regarded as hearsay of his own fabrication.

Under the general current of American decisions, they are admitted upon the ground of necessity, and upon the presumption that unless they be received, there will be a total failure of proof. In Cowen and Hill's notes to Phillips on Evidence, page 306, it is said : " We are then to look and see to what class of dealing the law has *prima facie* ascribed a destitution of the ordinary means of proof; and we shall find a general concurrence among the several statutes, adjudications and dicta, in pointing to the daily

sale and barter of merchandise and other commodities, and the performance of services and letting of articles to hire, circumstances so frequent in succession, and generally so trivial in their individual amount, that the procuring of formal proofs would not compensate for the time bestowed. In relation to these things, all mankind, with few exceptions, have fallen into the line of daily and brief memoranda, called accounts, and the strong presumption always is that entries in that form have been made, and that no other proof exists. Such a presumption from the general and usual course of business is a common act of the law. But whether that law will hazard facilities to fraud, by letting in book proof as the consequence of this particular presumption, is a question for its own wisdom to determine."

" The party offering the books must prove what his ordinary business is, and the jury, under the direction of the court, are to allow or disallow the charges made, according to the credit they may attach to the books, and according as it may be determined whether the charges are, or are not, made in the ordinary course of business. *Vieths* v. *Hagge*, 8 Iowa, 163.

The charges of date March 13, 1868, consist of fifteen items, amounting in all to $840.70. One of them is as follows : " Charles Karr, Dr. to one-half M. C. R. R. Co., bill, $337.95." And the others are of like import. Now clearly this is not *prima facie*, in the ordinary course of business. And there is no explanation of the business or relation of the parties from which it can be determined that in this particular case the entries were according to the usual course of business. If the plaintiff and Charles C. Karr were partners, and these bills were paid by plaintiff on account of the firm, the usual charge would be against the firm for the amount paid. And the same is true of the charges of date November 9, 1867, for one-half of the various articles enumerated. The plaintiff should have shown the course of dealing, from which it

could have been determined whether the entries were made in the usual course of business, inasmuch as *prima facie* they do not appear to have been so made.

The third item of account, " To one-half Memphis City R. R. Co. account for $2,475.25, put in note December 31, 1867, at 6 per cent," is clearly not within any of the rules rendering a book of account admissible for its proof. See *Vieths* v. *Hagge*, 8 Iowa, 163, and cases cited. *Hart* v. *Livingston*, 29 id. 217, and cases cited.

That the fourth item of account, " To 4 months work, from November 14, 1867, to March 14, 1868, at $75.00 per month, $300.00," cannot be proved by an entry in the party's book, see *Henshaw* v. *Davis*, 5 Cush. 155, where the point is precisely ruled.

Affirmed.