## JOHNSON v. BARKER.

1. **Executor**: NOTICE OF APPOINTMENT. The statute, Sec. 2366, Code, is directory. The failure by a person appointed executor, to give notice of his appointment, as provided by statute, will not operate to annul the appointment or prevent him from discharging the duties pertaining thereto.

*Appeal from Delaware Circuit Court*

SATURDAY, OCTOBER 22.

ACTION on certain notes and an account against the defendant as administrator of Robert Hogg. deceased.

There was a demurrer to the petition on the ground that the cause of action was barred by the statute of limitations. The demurrer was sustained and plaintiff appeals.

*Herrick & Doxel* and *J. B. Powers*, for appellant.

*Dooley & Perkins*, for appellee.

SEEVERS, J.—"Executors and administrators first appointed and qualified * * shall within ten days after the receipt of their letters publish such notice of their appointment as the court or clerk may direct." Code. § 2366.

1. EXECU-
TORS : notice
of appoint-
ment.

All claims not filed and proved within twelve months after giving the notice aforesaid are barred unless * * "peculiar circumstances entitle the claimant to equitable relief." Counsel for the appellant insist such peculiar circumstances were stated in the petition. This question we find it unnecessary to determine because counsel make the further point t at it does not appear on the face of the petition the notice required by the statute was given.

One I. H. Hogg was first appointed executor of the estate and we fail to find any statement in the record that he gave any notice of his appointment, or that the defendant gave no-

tice of his appointment. The only allegation in the petition on which counsel for the appellee relies is the following: "Plaintiff further states that on or about the first day of September, 1877, said Robert Hogg died testate and by his last will and testament appointed I. II. Hogg executor, who duly qualified and entered upon his duties as such, and remained such executor until the January term, 1880, of said Circuit Court, when his letters were revoked."

A person may be appointed executor, qualify and enter upon the discharge of his duties and yet never give the notice which the statute contemplates shall follow the issue of the letters and qualification. The statute is directory and the omission to give the notice does not have the effect to annul the appointment or prevent the incumbent from discharging the duties pertaining thereto.

REVERSED.