Arnold et al. v. Spates et al.

## ARNOLD ET AL. V. SPATES ET AL.

1. **Estates of Decedents:** FINAL SETTLEMENT AND DISCHARGE: NOTICE NOT NECESSARY. There is no provision of statute requiring notice to be given of an administrator's final report and application for discharge, and an order of discharge may be made without notice to persons interested, and, when made, it will have the force and effect of a judgment, and cannot be attacked in a collateral proceeding, but may be amended or set aside for any sufficient cause by a timely and proper proceeding.

2. ———: SETTING ASIDE FINAL REPORT AND ORDER OF DISCHARGE: FACTS WARRANTING EQUITABLE RELIEF. In this case, an administrator, upon notice published in a newspaper of the county, but without actual notice to the plaintiffs, (heirs,) who resided in the county, obtained an order of the court approving his final report and discharging him. *Held* that, after a lapse of two years, upon a showing that, by mistake or fraud, he had failed to report as to a certain fund and to charge himself therewith, the order was properly set aside, under § 2474 of the Code, in a suit in equity by the heirs against him and his bondsmen, and judgment rendered against them in favor of each of them for his distributive

share of the fund not accounted for. The provision of § 2475 of the Code, requiring proceedings to open such accounts to be begun within three months, does not apply to cases of mistake or fraud.

*Appeal from Mahaska Circuit Court.*

FRIDAY, MARCH 20.

PLAINTIFFS are the heirs of Alexander Arnold, deceased. Defendant, Robert Spates, was administrator of the estate of said Alexander Arnold, and the other defendants are the sureties on his administrator's bond. Said administrator filed a final report, which was approved by the circuit court, and an order was entered discharging him, upon the distribution of the assets in his hands; and he afterwards filed with the clerk of the circuit court certain vouchers, showing the distribution of said assets to the parties in law entitled to receive them. This proceeding was afterwards instituted by plaintiffs to vacate and set aside said order of discharge, on the alleged ground that the administrator had received large amounts of money which had been paid to him as interest or claims due the estate, and that through fraud or mistake he had neglected to make any report of said sums, although they were assets of the estate, and had never charged the same to himself in his accounts, or in any manner accounted for them, but had retained and converted them to his own use. Answers were filed controverting these allegations, and pleading the order of discharge as a bar to the action. The issue was sent to a referee for trial, and on his report an order was entered, setting aside the order of discharge, and giving plaintiffs a money judgment for the amount which it was found the administrator had not accounted for. Defendants appeal.

*F. M. Davenport,* for appellants.

*Searle & Scott,* for appellees.

REED, J.—The final report of the administrator was approved, and the order discharging him was made February

1. ESTATES of
decedents:
final settle-
ment and dis-
charge: no-
tice not nec-
essary.
25, 1879. Plaintiffs were residents of the county at that time, but they had no actual notice of the filing of said report, or of the application of the administrator to be discharged. The administrator, however, had caused a notice to be published in a newspaper published in the county that he would file his final report, and ask to be discharged from further service and responsibility as administrator of said estate, at the term during which the settlement was made. This proceeding was begun on the ninth of February, 1881. Defendants contend that by this published notice the court acquired jurisdiction of all persons interested in the estate, and that its order approving the settlement and discharging the administrator was made in the exercise of its proper jurisdiction, and is conclusive as to all matters included in the settlement. The statute (Code, § 2475) provides that any person interested in the estate may attend upon the settlement of accounts by the administrator and contest the same. But no express provision is made for making such persons parties to the settlement, nor is there any provision requiring notice of the proceeding to be given them. The final settlement and order of discharge may be made, we think, in their absence and without notice to them, and, when so made, it doubtless has the force and effect of a judgment; in so far, at least, that it cannot be questioned in any mere collateral proceedings. But, like any other judgment or order, it may be amended or set aside entirely, for any sufficient cause, by timely and proper proceedings.

Section 2474 provides that mistakes in the settlement of an administrator's accounts may be corrected, even after his
2. ——: set-
ting aside
final report
and order of
discharge:
facts warrant-
ing equitable
relief.
final settlement and discharge, on showing such grounds for relief in equity as will justify the interference of the court. This proceeding is brought under this provision. Plaintiffs allege that by mistake or fraud the administrator omitted to charge himself in his accounts with a large amount of money

which came into his hands as assets of the estate, and that this sum has never been accounted for by him. If the omission to charge himself with the amount occurred by his mistake, and the other circumstances of the case are such as to justify the interference of a court of equity, we have no doubt that a remedy is afforded the parties by said section; and if the administrator fraudulently omitted to include the amount in his reports, or to account for it, it is equally certain that a court of equity would have jurisdiction, even in the absence of any statutory provision, to grant relief against such fraud.

It is claimed, however, by defendants, that the time within which proceedings may be instituted for the correction of mistakes in the settlement is limited, by the latter clause of section 2375, to three months from the time of the settlement in which the mistake occurred; and that, as plaintiffs did not institute this proceeding for nearly two years after the final settlement in question, their right of action is barred. The provision relied on is as follows: "Accounts settled in the absence of any person adversely interested, and without notice to him, may be opened within three months, on his application." We are of opinion, however, that this provision is not applicable to a case where it is claimed the administrator, by fraud or mistake, has omitted to account for a portion of the assets of the estate.

The allegation here is that the amount in question was not contained in the accounts filed by the administrator. There has, therefore, never been a settlement as to that item. By mistake or fraud it was omitted from the accounts, and hence was not included in the settlement. Besides this, the provision of section 2474 is general. The court is empowered to correct the mistake whenever such grounds for relief are shown as will warrant the interference of a court of equity. And we think it very clear that this provision is in no manner limited by the provision of section 2475. The administrator made a partial settlement in 1874. The evidence

shows that he had then received the sum of $554.92 as inter-
est on debts which were owing to the estate, but this amount
was not charged to him in his report; nor was it otherwise
accounted for at that time.    He made no further report until
the time of the final settlement.    In his report filed at that
time he charged himself with $50.21 as interest collected
since his last report, but he made no mention of the amount
of interest received by him before the former report.    And
the referee found that the real amount of interest collected by
him between the date of his report in 1874 and the final set-
tlement, was $137.87 more than the amount with which he
charged himself in his final report; and this finding is fully
sustained by the evidence, so that he has collected the sum
of $692.74, for which he has not accounted.

At about the time of the partial settlement in 1874, the
said Robert Spates was appointed guardian of plaintiffs, and at
the time of his final settlement and discharge as administra-
tor he was still acting as such guardian, and the vouchers which
he filed with the clerk, after the order was made discharging
him from further duties and responsibilities as administrator,
were receipts signed by himself as guardian for the amounts
of the distributive shares of his wards in the estate.    He was,
therefore, specially charged with the duty of protecting
plaintiffs' interest in the final settlement of his accounts as
administrator, and in the distribution of the assets of the
estate.

The case, then, presents special grounds entitling plaintiffs
to relief in equity.    There is not only a mistake in the set-
tlement, but, to put that construction upon the facts of the
case most creditable to defendant, such mistake was occasioned
by his gross negligence, and was in a matter in which he
owed them a special duty.

The judgment of the circuit court awards plaintiffs separate
judgments for $98.45 each, with six per cent interest from
the date of the final settlement.    This amount is excessive.
Alexander Arnold left a widow and seven children surviving

him.   The widow is still living, but two of the children died, leaving no issue.   Their interest in the estate descended to their mother, (Code, §§ 2455, 2456;) and, in addition to this, she takes one-third of the amount in controversy as widow.   But she is not a party to this proceeding.   The widow's one-third should first be deducted from the amount, and plaintiffs are each entitled to one-seventh of the remainder, which is $65.95, and this amount will bear interest at six per cent from the date of the final settlement.   The judgment will be modified in this respect; in all others it is

AFFIRMED.