Cora E. Harding, Appellee, v. James W. Troy et al., Appellants.

No. 42298.

February 13, 1934.

McCoy & McCoy, L. E. Corlett, and Devitt, Eichhorn & Devitt, for appellants.

Thomas J. Bray, for appellee.

MITCHELL, J.— In July of 1925, one L. M. English loaned $800 to J. E. Padgett. A promissory note was executed therefor, signed by J. E. Padgett and Ollie Padgett. Ollie Padgett died on March 29, 1926. On April 23, 1926, James W. Troy was appointed and qualified as administrator of her estate. On the 29th day of April, 1926, six days after the appointment of said administrator, L. M. English filed his claim, duly verified, upon said promissory note, with the clerk of the district court of Mahaska county, Iowa, where the estate of Ollie Padgett was being administered, against the estate of Ollie Padgett. The estate consisted of personal property and of real property, and her heirs were all collateral, being brothers and sisters, nieces and nephews. It appears that there was considerable litigation in the Ollie Padgett estate and the settlement of the estate was delayed on that account. The claim of L. M. English was never allowed or disallowed by the administrator. L. M. English died before the Padgett estate was ready for settlement, and Cora E. Harding, the daughter and sole heir of L. M. English, brought this action. It appears that the English estate was closed by the filing of the final report and order of court in June of 1928. On the 25th day of May, 1929, a final report was filed by the administrator of the Ollie Padgett estate. The court ordered that notice of the hearing of the final report be posted, and it appears that the notice was posted. The notice, however, did not mention the name of L. M. English or of Cora E. Harding, and the final report made no mention of the claim of L. M. English against the estate of Ollie Padgett. On the 5th day of June, 1929, the application for order approving the final report in the Ollie Padgett estate came on for hearing, and the court approved said final report, discharged the administrator, and released the sureties on his bond. On the 1st day of September, 1932, the appellee in this action filed her petition in equity, praying that the order approving the final report of the administrator of the estate of Ollie Padgett, deceased, and discharging the administrator, be set aside, and that the estate be reopened for the purpose of allowing and paying the claim involved in this suit; that the claim be allowed as a claim of the third class, and decreed to be a lien upon the real estate owned by the Ollie Padgett estate and involved in the partition action; that the referees who had been appointed by the court to make sale of said real estate be directed to pay the appellee the amount due her on said claim, and to pay the costs of the action, before making

any distribution to the persons deemed to be the owners of said real estate; and for general equitable relief. The petition set out that through mistake James W. Troy, as administrator of the Ollie Padgett estate, failed to make payment of the claim filed against said estate by the said L. M. English; that no notice of the hearing of said final report was given to the said L. M. English; and that the said L. M. English had no knowledge of the filing of said final report or of the approval of said final report by the court and of the discharge of said administrator. The lower court established the claim as a claim of the third class, in the amount of $1,020.60, and found that it was not necessary to reopen the estate or set aside the discharge of the administrator for the purpose of paying the claim, but that the claim should be decreed to be a lien on the interest owned by Ollie Padgett at the time of her death in the real estate involved in the partition action, and found for the plaintiff, as prayed for in her petition. From the decree and judgment of the lower court, the appellants have appealed to this court.

The appellants claim that a mistake under the statute that would warrant the setting aside of an order approving a final report must be a mistake that is extrinsic or collateral to the accounting. This action is brought under section 12049 of the Code, which provides:

"12049. Mistakes Corrected. Mistakes in settlements may be corrected in the probate court at any time before his final settlement and discharge, and after that time by equitable proceedings, on showing such grounds as will justify the interference of the court."

This court has held that anything which might be litigated as incidental to or essentially connected with the subject-matter must be regarded as disposed of by the final order, but that separate and independent items, not included, have not been tried and cannot be held to have been adjudicated. In the case of Tucker v. Stewart, 121 Iowa 714, page 717, 97 N. W. 148, 149, this court said:

"It is well established that a settlement of an administrator's account by decree of a probate court does not conclude as to property accidentally or fraudulently withheld from the account."

In the case at bar the claim of the appellee was a separate and independent item, which was not included in the administrator's

final report, no mention being made of this claim in said report. The claim was therefore not before the court when it approved the final report of the administrator and ordered his discharge. The item was not tried and consequently was not adjudicated. The mistake of the administrator in overlooking this claim was collateral and extrinsic.

It is the claim of the appellant also that the mistake was not proved. The record shows that no mention was made of the claim in the final report; that the clerk of the court, who also acted in the capacity of referee in probate, seems to have overlooked the claim also; that, although the claim was duly filed in the office of the clerk of the district court, no mention whatever was made of the said claim in the administrator's report or in the report of the referee in probate, and the referee testified that it was overlooked. In addition to this, the record shows that it was not mentioned in the notice which was posted; that the notice was not addressed to L. M. English or to Cora E. Harding; that no notice was given other than the posting of the notice on the bulletin board. In addition to this, the record shows that the day following the approval of the final report in the Ollie Padgett estate, the attorneys representing parties other than Cora E. Harding or the L. M. English estate, went to the home of J. E. Padgett and secured from him a signed statement, which is in the record, authorizing the referees in the partition action to withhold from the proceeds of the sale of the interest of J. E. Padgett in said real estate, sufficient money to pay the L. M. English note, which note was filed as a claim against the Ollie Padgett estate on the 29th day of April, 1926. This agreement between Padgett and the referees was secured without the knowledge of Cora E. Harding, and was secured the day following the approval of the final report. It will be noted that this agreement was secured so that the claim which had been filed against the Ollie Padgett estate by L. M. English would be paid. Taking into consideration all of these circumstances, it seems to us that the trial court was justified in finding that a mistake had been made, and that the court in passing upon the final report did not have the English claim before it and knew nothing about the existence of the claim.

The appellants also claim that the order and judgment of the district court, approving the final settlement of the estate of Ollie Padgett, deceased, constituted an adjudication and bar to this action.

Code section 12049, in plain and unmistakable language, invests courts of equity with power to correct mistakes made in settlements in the probate court after the final settlement and discharge of the administrator on showing of such grounds as will justify interference by the court. This power remains with a court of equity for a period of five years after the discharge of the administrator. This court, in the case of In re Estate of Douglas, 140 Iowa 603, at page 606, 117 N. W. 982, 983, said:

"The statute under consideration expressly authorizes a correction by equitable proceedings even after final settlement and discharge. And it cannot be doubted that the order in question could have been set aside under such provision, if the action was brought within five years."

And in a very recent case this court, in Becker v. Becker Bros., 202 Iowa 7, at page 11, 209 N. W. 447, 450, said:

"The final report of an executor, which has been approved, and the executor discharged, will be set aside only upon a clear and satisfactory showing of fraud, mistake, or other equitable grounds therefor."

Thus, in view of the statute quoted and the decisions of this court, the trial court had a right to proceed as it did.

The appellants also claim the appellee was guilty of negligence and laches so as to bar her right to equitable relief. We find no evidence in the record to sustain any such claim. The appellee's claim was filed within a few days after the administrator of the Ollie Padgett estate was appointed. It was duly verified and duly signed. According to the record, she discussed the claim with the referees appointed by the court to make the sale of the real estate, and was told not to worry about the claim. No notice was given to her of the filing of the final report; no mention was made of her claim in the final report or in the notice. And the record shows that she had no knowledge of what was taking place in the estate. We find nothing in the record to justify the claim of the appellants that the appellee was guilty of negligence and of laches.

Finally, the appellants claim the court had no jurisdiction to direct the referees in the partition action to pay the amount due on the claim without reopening the estate. It must be kept in mind that the referees appointed by the court to partition the real estate

were made parties to the present action, and they were before the court and within the jurisdiction of the court. The court could have set aside the approval of the final report of the administrator and the discharge of the administrator, could have reopened the estate, and could have instructed the referees to pay to the administrator a sufficient amount from the sale of the real estate when sold to enable the administrator to pay appellee's claim. Exactly the same result was reached by requiring the referees to make payment direct to the claimant. The trial court disposed of the matter in a practical way, and in the least expensive and most direct manner, and no one has been prejudiced thereby.

Other questions are raised by the appellants, all of which have been given careful consideration by this court. The claim of the appellee was just. There is no denial in the record that it was a just claim against the estate of Ollie Padgett. Nor is there any denial in the record that same would have been paid by the estate except for the overlooking of same in the filing and preparing of the final report.

Judgment and decree of the lower court is correct, and same must be, and it is hereby, affirmed.

.CLAUSSEN, C. J., and STEVENS, KINDIG, ANDERSON, and KINT-ZINGER, JJ., concur.