OLE H. OLSON, Claimant, Appellee, v. SARAH ROBERTS et al., Executors, Appellants.

No. 42504.

JUNE 23, 1934.

Goldthwaite & Wilkinson, for appellants.

J. M. Dower, for appellee.

EVANS, J.—█ The item of $350 was claimed as a commission in the negotiation of a first-mortgage loan on Murphy's farm. The alleged service was rendered in 1928. Murphy died in 1931, and his executor was appointed in November of the same year. The claim was heard in 1933. The plaintiff was president of the People's Savings Bank of Marengo for several years. Murphy was one of his loyal customers, who gave him all his business. He applied to Olson for a mortgage loan upon his farm. The loan was procured. Olson testified to his alleged service and testified to his opinion as to the value thereof, and rested. His evidence was not very satisfactory to the judicial mind. But the executor offered no contradictory evidence. The trial court decided the issue in favor of the claimant. That is equivalent to the verdict of a jury so far as we are concerned in our consideration of the case. The finding of the trial court is binding upon us unless we must say that it had no support in the evidence. We cannot say that there was no support for the order.

█ II. The executor introduced evidence which tended, if anything, to avoid the evidence of the plaintiff and to show a settlement of the commission. This evidence showed that Murphy applied to Olson for his loan. Olson applied to McDonald of Iowa City. McDonald applied to Fisher of Cedar Rapids. Fisher applied to the Equitable Life Insurance Company of Des Moines. This company accepted the application. In the closing of the transaction these agents delivered to Murphy $19,000 and reserved $1,000 for expenses. These expenses consisted mainly of the commissions. Many hundreds of dollars were applied upon alleged commissions. The ground of admissibility of this line of evidence was that it tended to show payment of the commissions. But no payment or settlement was claimed in the pleadings. The case was submitted solely upon the issue of statutory denial. Even if there had been such a pleading, the adverse finding of the district court thereon would be final. Whether Olson got any part of the $1,000 in question does not appear. It is rather regrettable that he did not claim his commissions while his customer was living. But that is not a reason for denying their recovery now. The case here turns wholly upon a finding of fact upon which the judgment of the trial court is quite conclusive.—The order is affirmed.

All Justices concur.