IN RE ESTATE OF LEVI GREEN.
G. K. SWIFT, Temporary Administrator, Appellee, v. FRANCIS SNYDER, Claimant, Appellant.

No. 44485.

DECEMBER 12, 1939.

Bennett Cullison and George O. Hurley, for appellant.

R. F. Swift and Graham & Graham, for appellee.

OLIVER, C. J.—Levi Green died intestate in 1926, leaving three daughters and a son as his heirs at law. Francis Snyder, husband of a daughter, Nellie Snyder, made claim against the estate of decedent upon a note for $800, executed in 1920, and a $500 loan evidenced by a check dated August 16, 1922. A temporary administrator was appointed to act in connection with the determination of said claim. The cause was tried to

the court which allowed the $800 note 'and disallowed the $500 item. From the portion of the judgment disallowing the $500 item claimant appeals.

The judgment entry contains the following findings:

"It appears without dispute that both of said claims are based upon the identical obligations and the claims 'constitute a duplication. In fact, the claimant testified that all he was making was one claim against the estate, and according to the evidence, both of said claims may be considered as one claim as they are based upon identical consideration and constitute a duplication.

"The court further finds * * * claimant * * * is entitled to have his claim based upon the said note * * * of $800.00 * * * duly established * * * .

"The court further finds that as to that part of the claim of Francis Snyder based upon the check bearing date of August 16th, 1922, in the sum of $500.00, and which claimant claimed was a loan to said decedent, the court is of the opinion that there is no evidence to show that the said check was given as a loan; that the evidence of Nellie Snyder, if competent at all, goes no further than to show that claimant and decedent talked about the payment of a $500.00 debt and that the said witness, Nellie Snyder, was an incompetent witness with regard thereto.

"The court further finds that as the claimant has made no sufficient proof as to the check being issued as a loan to the said decedent, that part of said claim should be denied."

Appellant contends the part of the order denying the $500 item was erroneous. The complaints are largely centered upon that paragraph of the findings of the court (above set out) in which reference is made to the evidence of Nellie Snyder. No attack is made upon the finding that "it appears without dispute" that the $500 claim and the $800 claim "are based upon identical considerations and constitute a duplication." This portion of the judgment entry is neither discussed nor mentioned in the argument and no alleged error is based thereon.

I. The first division of appellant's argument is devoted to a discussion of the inferences arising from the delivery of a check under various situations. It is contended the circumstances in this case create an inference that the $500 check was a loan. In support of this contention appellant cites certain

cases from another jurisdiction. We will not undertake the discussion of the varying holdings of these or other outside cases. Ordinarily the trier of facts in any case is entitled to draw such legitimate inferences as the record will warrant. However, attention may be called to our holding in Wragg v. Rippey, not reported in Iowa reports, 229 N. W. 237, that where one seeks to recover for money loaned, the burden is on him to prove a contract, express or implied, for the repayment thereof.

Such propositions as the burden of proof and the presumptions and inferences, if any, arising from the facts and circumstances shown in the record, were, no doubt, given proper consideration by the trial court. In the absence of specific findings upon these matters we cannot say what part they played in the decision.

The trial court found, among other things, "that all he was making was one claim against the estate" and that "it appears without dispute that both of said claims are based upon the identical obligations and the claims constitute a duplication." Appellant does not challenge this finding. Without a showing that such finding was erroneous the matters discussed by appellant in this division are insufficient to justify the overturning of the conclusion reached by the trial court.

II. Error is also predicated upon the rejection of the testimony of claimant's wife covering a conversation between decedent and claimant in which decedent allegedly said with reference to the debt owed claimant, "they should get around to make a note for the $500.00 he gave him."

It appears this evidence was admitted without objection, the alleged error being in the finding of the court "that said witness * * * was an incompetent witness." See Code, section 11257.

From the rather abbreviated record before us it appears the witness was competent to testify to the conversation between claimant and decedent. The conversation in which she took no part was not a personal transaction or communication between her and decedent. In re Estate of Allis, 221 Iowa 918, 267 N. W. 683. However, the statement of the court that this witness was incompetent was immediately preceded by a finding that such evidence went no further than to show a conversa-

tion about a $500 debt, and inferentially that it was not sufficiently definite to establish·the claim. Therefore, the refusal to consider this evidence could not be said to have affected the result even though the decision had been based solely upon the findings in this paragraph of the judgment entry.

 III. Appellant also bases error upon the rejection of the testimony of claimant's wife relative to an alleged conversation after her father's death, between claimant, her husband, her brother and her two sisters about some debt owed by decedent to claimant. Claimant and wife in the presence of the others said they had a note and a check, but nothing was said about the amount of the debt. The brother and one sister told her to file the claim, that they would see claimant and wife would not be out their money. The brother and said sister also said they knew about it. The other sister said nothing.

We think the trial court properly rejected the proffered evidence, if for no other reason than that the sister who remained silent was not shown to have known anything about the claim and could not be bound by any admissions of the other heirs. No Iowa case directly in point has been called to our attention, but this court has frequently held that where there are several devisees or legatees whose interests are several, and not joint, the declarations of one are not admissible, for the reason that they might operate to the prejudice of the others. Wackman v. Wiegold, 202 Iowa 1391, 212 N. W. 122. The general rule appears to be that the admissions of an heir are not admissible to prove a claim against an estate unless he is the only heir interested upon that side of the action. Jones, The Law of Evidence in Civil Cases, 4th Ed, 1938, section 253.

 The foregoing discussion of the various errors assigned was perhaps superfluous. The finding and judgment·of the court has the effect of the verdict of a jury and may not be set aside if it finds any substantial support in the record. In re Will of Fish, 220 Iowa 1247, 264 N. W. 123. At every turn we are met with the finding, unchallenged by appellant, that the undisputed record shows the $500 claim was included in the $800 claim which was allowed by the court.

In the face of this the sufficiency of the other grounds upon which the judgment was based becomes immaterial.

Wherefore, the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.